UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARCH INSURANCE COMPANY and
ARCH INDEMNITY INSURANCE
COMPANY,

                    Plaintiffs,

-against-

SKY MATERIALS CORP.,

                    Defendant.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 22 2019 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-2829 (CBA) (LB)

**AMON, United States District Judge:**

Plaintiffs Arch Insurance Company ("Arch") and Arch Indemnity Insurance Company ("Arch Indemnity," and with Arch, "the Arch entities") filed this diversity action against Defendant Sky Materials Corp., asserting breach of contract and declaratory relief claims under New York law. In its response, Sky filed affirmative defenses and counterclaims under New York Insurance Law and New York common law. The Arch entities filed a motion to dismiss the counterclaims and to strike several affirmative defenses. (D.E. # 25-9 ("Pl. Br.").) For the reasons stated below, the Court grants the motion in part and denies it in part.

## BACKGROUND

Arch Indemnity issued a workers' compensation insurance policy to Sky in April 2015 and Arch issued a commercial automobile insurance policy to Sky in February 2016. Under the policy with Arch Indemnity, Sky agreed to pay a $500,000 deductible for each worker-related accident. The Arch entities allege that Sky failed to pay about $2.6 million due under the workers' compensation policy and about $14,000 due under the automobile policy. (See D.E. # 1.)

In its answer, Sky asserted five counterclaims. The Arch entities moved to dismiss each counterclaim, and the Court denied the Arch entities' motion to dismiss the Third, Fourth, and Fifth Counterclaims at oral argument. (See D.E. dated June 27, 2018.) Sky's remaining

1

counterclaims contend: (1) that Arch Indemnity improperly terminated the workers' compensation policy in December 2016, because it failed to properly serve Sky and the New York State Workers' Compensation Board with notice of that termination in violation of § 54 of the New York Workers' Compensation Law, (D.E. # 19 ¶¶ 9–13); and (2) that Arch improperly terminated the automobile policy by providing a defective notice of termination that failed to cite its reasons for terminating the policy in violation of § 3426(c) of the New York Insurance Law. (Id. ¶¶ 14–20.)

In addition to the counterclaims, Sky asserted 10 affirmative defenses. The Arch entities move to strike the following eight: (1) unclean hands; (2) breach of the workers' compensation policy, automobile policy, or "related agreements"; (3) bad faith or breach of the implied covenant of good faith and fair dealing; (4) failure to investigate workers' compensation claims; (5) violations and "willful disregard" of notice and termination provisions in the New York Insurance Law; (6) set-off or recoupment of damages; (7) "excuse[]" because of contract breaches or insurance-law violations; and (8) the counterclaims, which Sky incorporated by reference into its affirmative defenses.

## STANDARD OF REVIEW

The Court applies identical standards for dismissing claims and counterclaims on the merits under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Reeves v. Am. Broadcasting Cos., 580 F. Supp. 84, 89 (S.D.N.Y. 1983), aff'd, 719 F.2d 602 (2d Cir. 1983). The counterclaimant must allege "sufficient factual matter" to "nudge[]" its claims "across the line from the conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2008)). Drawing upon its "experience and common sense," the Court must determine whether liability is a "reasonable inference" from the allegations. Id. at 678–79. The Court must dismiss the Complaint if its "well-pleaded facts do not permit the [C]ourt

to infer more than the mere possibility of misconduct . . . ." Id. at 679. Still, the Court must adopt all factual allegations, even the "doubtful" ones. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. First Counterclaim

The Arch entities argue that they are entitled to dismissal of the First Counterclaim because there is no private right of action under § 54 of the New York Workers' Compensation Law. (Pl. Br. at 3–10.) The Court agrees.

The parties agree that § 54 does not contain an express private right of action. A statute contains an implied right of action "only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history." Brian Hoxie's Painting Co. v. Cato-Meridian Cen. Sch. Dist., 556 N.E.2d 1087, 1089 (N.Y. 1990) (citation omitted). The Court considers three factors in determining whether this standard is met: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." Sheehy v. Big Flats Cmty. Day, Inc., 541 N.E.2d 18, 20 (N.Y. 1989). The third factor is the "most critical." Carrier v. Salvation Army, 667 N.E.2d 328, 329 (N.Y. 1996).

The parties agree that Sky—as the employer purchasing insurance coverage from Arch Indemnity, an approved insurance carrier, cf. Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 641 (2d Cir. 2009)—belongs to a class that the statute intends to benefit. The first factor therefore weighs in favor of Sky.

The second factor, "whether recognition of a private right of action would promote the legislative purpose," cuts both ways. The Arch entities argue that the purpose of § 54 is "to protect

3

employers from an unexpected lapse of coverage" and that, because Sky did not suffer such a lapse, recognition of a private right of action is unwarranted. (Pl. Br. at 7–8.) Sky points out that § 54 also serves a second purpose—"to protect employers from damages stemming from the wrongful termination of their policies." (Def. Opp'n at 10 (citing D.E. # 25-12).) Although it is true that this purpose could support recognition of a private right of action, the legislative history Sky cites in support of its argument shows that the legislature might not have had this concern. In order to protect employers from wrongfully imposed penalties, the New York legislature amended § 54 to further empower the New York State Workers' Compensation Board to monitor the status of insurance policies. (See D.E. # 25-12.) This suggests that the New York legislature viewed the Board as sufficient to satisfy this purpose.

Finally, the "most critical" factor—"whether creation of such a right would be consistent with the legislative scheme"—counsels against recognizing a private right of action. The New York legislature vested significant power over the implementation of the New York Workers' Compensation Laws in the Board, suggesting that it intended § 54 to be enforced and administered exclusively by the Board. See, e.g., Brian Hoxie's Painting, 556 N.E.2d at 1089–90 (finding the private right of action incompatible in part because the statute authorizes a state agency to enforce the statute through orders); Sheehy, 541 N.E.2d at 21 (noting that courts should decline to recognize a cause of action if it is "incompatible with the enforcement mechanism chosen by the Legislature"). "In addition to hearing and determining all claims for compensation or benefits, the powers of the Board include approving agreements, approving and fixing attorney's fees and claims for medical services, modifying or rescinding awards and certifying questions to the Appellate Division, Third Department of the New York Supreme Court." NorGuard Ins. Co. v. Lopez, No. 15-CV-5032 (DRH), 2017 WL 354209, at *7 (E.D.N.Y. Jan. 24, 2017). The Board

may also "license workers' compensation attorneys" and bring certain enforcement actions. Liberty Mut. Ins., 585 F.3d at 642. Section 54(5) ensures that the Board receives notice of any cancellations or terminations, therefore ensuring that it may respond accordingly. See N.Y. Workers' Comp. Law § 54(5). The Board also has the power to issue penalties for statutory violations. See id. Given the legislature's reliance on the Board's administrative enforcement, the Court concludes that a private right of action would interfere with the "public policy considerations underlying the compulsory workers' compensation statutory scheme, namely, to surely and swiftly compensate an injured employee or a dependent of a deceased employee." Cruz v. New Millenium Constr. & Restoration Corp., 793 N.Y.S.2d 548, 551 (3d Dep't 2005).

In short, because the third factor weighs heavily against recognizing an implied right of action, the Court concludes that § 54(5) of the New York Workers' Compensation Law contains no such right. The Court therefore dismisses the first counterclaim against the Arch entities.

## II. Second Counterclaim

Sky's Second Counterclaim alleges that Arch wrongfully terminated the automobile policy because it failed to specify in its notice of termination its basis for termination under § 3426(c). The Arch entities argue that (1) § 3426 of the Insurance Law does not create a private right of action, (2) the counterclaim fails on the merits because Arch's notice of termination complied with §§ 3426(h) and 3426(i), and (3) Arch failed to provide non-conclusory allegations establishing causation. The Court disagrees with each argument.

Courts have recognized that § 3426 of the Insurance Law, including its notice provisions, contain an implied right of action. See N.Y. Univ. v. Factory Mut. Ins. Co., No. 15-CV-8505 (NRB), 2018 WL 1737745, at *16–18 (S.D.N.Y. Mar. 27, 2018) (§ 3426(e)); Hood-Connors-Jackson Agency, Inc. v. Royal Ins. Grp. of Cos., No. 94-CV-4369 (KTD), 1997 WL 292066, at *3

5

(S.D.N.Y. June 3, 1997) (§ 3426(k)); see also Essex Insurancr Co. v. George E. Vickers, Jr., Enterprises, Inc., 959 N.Y.S.2d 525 (2d Dep't 2013) (affirming entry of summary judgment in private suit brought under § 3426(e)). For the reasons stated by those courts, the Court agrees that § 3426 contains an implied right of action.

Further—on the pleadings—Arch's notice of termination did not comply with §§ 3426(h) and (i). If Sky is able to establish the facts underlying its second counterclaim, it will have established that Arch's notice violated §§ 3426(h) and (i). Under § 3426(h), "[e]very" cancellation notice "shall specify the grounds for cancellation and shall contain where applicable a reference to the pertinent paragraph or subparagraph of subsection (c) of this section." N.Y. Ins. Law § 3426(h). Under § 3426(i), "[n]o cancellation . . . notice that fails to include a provision required by this section shall be an effective notice for purposes of this section." Arch purportedly cancelled the policy over "safety concerns" and Sky's "lax approach." (See D.E. # 19 ¶¶ 14–20.)

Sky argues—and the Arch entities do not deny—that Arch's stated reasons implicate § 3426(c). In relevant part, subsection (c) provides:

> After a covered policy has been in effect for sixty days unless cancelled pursuant to subsection (b) of this section, . . . no notice of cancellation shall become effective until fifteen days after written notice is [properly served] . . . , and such cancellation is based on one or more of the following:
>
> (1) With respect to covered policies: . . .
>
> (D) after issuance of the policy . . . , discovery of an act or omission[] . . . that substantially and materially increases the hazard insured against, and which occurred subsequent to the inception of the current policy period[] . . . .

N.Y. Ins. Law § 3426(c). "Safety concerns" and Sky's "lax" performance during the policy period qualify as "act[s] or omission[s] . . . that substantially and materially increase[] the hazard" covered by Arch. See id. § 3426(c)(1)(D). Because Arch's stated reasons for terminating the policy

6

implicated § 3426(c)(1)(D), its notice of termination should have included reference to that provision. If it failed to do so, its notice of termination did not comply with § 3426(h), and was therefore ineffective under § 3426(i).

In response, the Arch entities argue that Arch needed to comply only with the requirements of § 3426(b), not § 3426(c), because Arch terminated the insurance policy less than 60 days after it went into effect. (See D.E. # 19 ¶¶ 15–16.) This contention cannot be squared with § 3426(h), which requires "[e]very notice of cancellation" to "contain where applicable a reference to the pertinent paragraph or subparagraph of subsection (c) of this section." N.Y. Ins. Law § 3426(h). Section 3426(h) is not limited by the date on which termination is sought. Although the Arch entities are correct that § 3426(b) governs the timing of policy cancellation under some circumstances, it expressly carves out from its coverage cancellations involving "the bases . . . set forth in paragraph one . . . of subsection (c) of this section." Section 3426(b) therefore does not obviate Arch's duty under § 3426(h) to add a "reference" in the notice to the basis set forth in § 3426(c)(1)(D); the basis is still "applicable" under § 3426(h) to Arch's purported cancelation, see N.Y. Ins. Law § 3426(h).

Finally, the Arch entities are incorrect in their assertion that Sky has provided "nothing more than conclusory allegations" in support of its claim that it was forced to pay a premium for replacement coverage of the ineffectively terminated automobile policy. (Pl. Br. at 8–9.) Under § 3426(i), "[n]o cancellation . . . notice that fails to include a provision required by this section shall be an effective notice for purposes of this section." And under §§ 3426(b) and (c), no cancellation becomes "effective" until after the service of a proper notice. See N.Y. Ins. Law §§ 3426(b), 3426(c). The counterclaim complaint states that Arch sent Sky a deficient notice of cancellation. (D.E. # 19 ¶ 16.) It is entirely plausible that an employer would purchase new

insurance if the insurer provided it with a notice of cancellation because the employer would assume that its current insurance had ended. However, if—as Sky alleges—the notice failed to comply with § 3426(h), Arch's termination of the policy was not "effective." If Sky's automobile policy was not terminated due to a deficient notice, it unnecessarily purchased new insurance.

For the foregoing reasons, the Court declines to dismiss the second counterclaim.

### III. Affirmative Defenses

The Arch entities also ask this Court to strike the affirmative defenses. The Court declines to do so. Under Rule 12(f) of the Federal Rules of Civil Procedure, this Court may "strike from a pleading an insufficient defense . . . ." "Motions to strike affirmative defenses are generally disfavored . . . ." Erickson Beamon Ltd. v. CMG Worldwide, Inc., No. 12-CV-2105 (NRB), 2014 WL 3950897, at *2 (S.D.N.Y. Aug. 13, 2014). Under Rule 8(c), the defendant need not assert facts to make a plausible showing of the defense. See id. at *3. Rather, the defendant need only "state" the affirmative defenses. Id. Indeed, "a defense is good unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Durham Ind., Inc. v. North River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979). Accordingly, the Court will not strike a defense unless (1) there is "no question of fact that might allow the defense to succeed," (2) there is "no substantial question of law that might allow the defense to succeed," and (3) the defense causes prejudice. Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010). All but one of the counterclaims survive, and none of the affirmative defenses rely solely on the dismissed § 54 violation. Therefore, all of the defenses have arguable merit. Moreover, the Arch entities fail to show how the defenses "needlessly increase the duration and expense of litigation." Coach, 756 F. Supp. 2d at 426. The Court declines to strike the affirmative defenses.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Arch entities' motion. The Court dismisses the first counterclaim. The Court declines to dismiss the other four counterclaims and declines to strike the affirmative defenses.

SO ORDERED.

Dated: March 20, 2019
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge