UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARCH INSURANCE COMPANY, ARCH
INDEMNITY INSURANCE COMPANY

                        Plaintiffs,

    -against-

SKY MATERIALS CORP.,

                        Defendant.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-2829 (CBA) (LB)

**AMON, United States District Judge:**

On May 9, 2017, Plaintiffs Arch Insurance Company and Arch Indemnity Insurance Company (together, "Arch") commenced this action against Defendant Sky Materials Corp. ("Sky") seeking damages and declaratory relief in connection with a series of insurance agreements. Sky filed an answer and counterclaims on July 25, 2017, and then filed an amended answer and counterclaims. After Arch moved to dismiss those counterclaims, I directed the parties to schedule a settlement conference before the Honorable Lois Bloom, United States Magistrate Judge. At that conference, Sky's president, Michael Cholowsky, failed to appear despite Sky's representations that he would do so. As a result, no meaningful settlement discussions occurred. The parties proceeded through discovery and filed amended pleadings and counterclaims.

On January 6, 2020, Sky's counsel requested to withdraw as counsel, reporting that Sky had refused to pay its legal fees and owed the firm a substantial amount. Judge Bloom ordered counsel and Mr. Cholowsky to appear for a status conference on January 30, 2020. Mr. Cholowsky again failed to appear. Judge Bloom granted counsel's motion to withdraw and ordered Sky to appear through new counsel by February 28, 2020—a deadline later extended to March 13, 2020

at the request of Mr. Cholowsky. Sky failed to appear through new counsel by that date and still has not appeared through new counsel. On June 11, 2020, Arch filed a motion requesting that the Court (1) strike Sky's operative answer and counterclaims; (2) direct the Clerk of Court to enter a default against Sky; (3) enter default judgment against Sky; (4) award compensatory damages; (5) require Sky to provide Arch with $1,396,749 in collateral pursuant to a workers' compensation policy; and (6) grant various declaratory relief. The briefing schedule and motion papers were served on Sky by mail. (See ECF Docket Entry ("D.E.") ## 78, 80-15.) Sky has failed to respond to the motion. On January 29, 2021 the Honorable Lois Bloom, United States Magistrate Judge, submitted a report and recommendation ("R&R") recommending that I grant the motion.

No party has objected to the R&R, and the time for doing so has passed. See 28 U.S.C. § 636(b)(1).[1] When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). I have carefully considered the record and the R&R. Finding no error, I adopt Judge Bloom's thorough and well-reasoned R&R.

---

[1] The docket reflects that the copy of Judge Bloom's R&R which the Court mailed to Sky was "Returned as Undeliverable." The docket does not indicate whether the same is true for the copy of the R&R that Plaintiffs mailed to Sky. Both copies, however, were mailed to the address which Sky last provided to the Court. (See D.E. # 72.) That suffices to effect service of an R&R under 28 U.S.C. § 636(b)(1)(C) and Rule 5 of the Federal Rules of Civil Procedure, as "[i]t is a party's burden to provide the court with an address where he can be reached and to notify the court of any change in that address." Horton v. City of New York, 636 F. App'x 822, 823 (2d Cir. 2016) (affirming dismissal where "the docket indicates that certain court communications mailed to this address were returned as undeliverable, including the report and recommendation"); see also Messam v. Bellevue Hosp. Ctr., 492 F. App'x. 147, 149 (2d Cir. 2012).

Arch's motion is granted. Defendant's operative Answer and Counterclaims are stricken. The Clerk of Court is respectfully directed to enter a default against Defendant. Arch's motion for a default judgment is granted and Arch is awarded: (1) $1,600,722.06 for Sky's breach of contract claim under the workers' compensation policy, together with pre-judgment interest at a rate of nine percent per annum as set forth in the R&R and post-judgment interest from the date judgment is entered until it is paid, (2) $1,396,749.00 in additional collateral, pursuant to the terms of the workers' compensation policy, (3) $14,238.00 in damages for Sky's breach of contract claim under the auto insurance policy, together with prejudgment interest at a rate of nine percent per annum as set forth in the R&R and post-judgment interest at the statutory rate from the date judgment is entered until it is paid. Arch's motion for declaratory relief is also granted and Sky is ordered to reimburse Arch for benefits, damages, and/or allocated loss adjustment expenses it pays in the future within Sky's deductible, per the terms of the workers' compensation policy; Sky is also ordered to submit to an audit by Arch with Sky to pay Arch any additional premium due as a result of that audit. The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: March 15, 2021
      Brooklyn, New York                          /s/   Carol Bagley Amon
                                              Carol Bagley Amon
                                              United States District Judge